Ophelia **URDIALES**, etc., et al., Appellants,

v.

ST. PAUL MERCURY INSURANCE CO., et al., Appellees.

No. 24837.

United States Court of Appeals, Ninth Circuit.

June 22, 1971.

Rehearing Denied July 15, 1971.

Leroy W. Hofmann (argued), Kenneth S. Scoville, Phoenix, Ariz., for appellants.

John H. Lyons (argued), of O'Connor, Cavanaugh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for National Union Fire Ins. Co.

Jennings, Strouss, Salmon & Trask, Phoenix, Ariz., for St. Paul Mercury.

Robert H. Green, of Moore, Romley, Kaplan, Robbins & Green, Phoenix, Ariz., for Fireman's Fund Ins. Co.

Before HAMLEY, ELY, and WRIGHT, Circuit Judges.

PER CURIAM:

The appellants, and also their intestate, suffered injuries as a result of an automobile accident which occurred in Arizona on June 11, 1961. Shortly thereafter, the appellees filed an action for declaratory relief in the state District Court of Potter County, Texas. The appellants were parties to that action, which culminated in a judgment absolving the appellees of any liability on account of the accident in question. The appellants did not appeal from the judgment of the Texas trial court, and it

---

thereupon became final. In 1968, the appellants filed an action for declaratory relief in the United States Court for the District of Arizona. The essential purpose of that suit was to invalidate the Texas judgment. The District Court dismissed the complaint, and this appeal followed.

We have concluded that the District Court's judgment was correct. It was based upon the court's conclusion that the Texas judgment was *res judicata* on the critical issues presented and was entitled to full faith and credit in its effect upon those who were parties to the action. We are convinced that the District Court properly applied the controlling principles, and, accordingly, the judgment is

Affirmed.[1]

---

1. The appellants' intestate died on July 21, 1966, approximately five years after the accident. The appellants urge that the Texas judgment should not be given effect insofar as it might apply to an Arizona wrongful death action which followed the intestate's demise. Its argument in this respect is based upon the fact that one of the intestate's heirs was not a party to the Texas suit. This argument is hypertechnical. A wrongful

death action is indivisible, and the Texas judgment was based, essentially, upon factual determinations that could not have been altered even had the other heir been a party in the Texas suit. Moreover, he has never asserted any rights as a result of the accident, and he would now be barred from doing so by both the Texas and Arizona statutes of limitations.